# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
SIMS, COOK, and GALLAGHER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JEFFREY D. SMITH**
**United States Army, Appellant**

ARMY 20110569

Headquarters, United States Army Accessions Command and Fort Knox
Timothy Grammel, Military Judge
Colonel Robert J. Cotell, Staff Judge Advocate (pretrial and addendum)
Lieutenant Colonel Philip C. Mitchell, Acting Staff Judge Advocate (post-trial)

For Appellant:  Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Jacob D. Bashore, JA (on brief).

For Appellee:  Major Amber J. Roach, JA (on brief).

29 May 2012

--------------------------------
SUMMARY DISPOSITON
--------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of false official statement, one specification of aggravated sexual assault, one specification of wrongful sexual contact, and one specification of committing an indecent act, in violation of Articles 107 and 120 of the Uniform Code of Military Justice, 10 U.S.C. §§ 907 and 920 (2008) [hereinafter UCMJ].  Appellant was sentenced to a bad-conduct discharge, confinement for eighteen months, and reduction in rank to E-1.  The convening authority (CA) approved the adjudged sentence.  The CA deferred the adjudged reduction in rank and automatic forfeitures until action.  At action, the CA waived the automatic forfeiture of all pay and allowances for a period of six months, effective 2 Dec 2011.  This case is before this court for review pursuant to Article 66, UCMJ.

**DISCUSSION**

As noted in a footnote to appellant's brief, Specification 5 of Charge I contains superfluous language that should have been excepted from the specification. We will take appropriate action in our decretal paragraph to address this harmless error.

Although not raised as an issue, we note appellant's counsel erroneously stated in the Rules for Courts-Martial [hereinafter R.C.M.] 1105 and 1106 submission, that appellant had requested a bad-conduct discharge during his guilty plea. In his R.C.M. 1105/1106 submission, appellant's counsel requested the convening authority waive appellant's automatic forfeitures and reduce appellant's sentence to confinement from 18 to 12 months. In partial support of this request, appellant's counsel stated appellant had requested a bad-conduct discharge during his guilty plea, the implication being that a punitive discharge, along with 12 months of confinement, was an appropriate punishment.

Appellant, in a personal letter to the convening authority included in the 1105/1106 submission, specifically and repeatedly requested his sentence to confinement be reduced to 12 months. He cited his obligation to financially support his three children as a reason to reduce his period of confinement. Appellant did not request the convening authority disapprove the adjudged bad-conduct discharge. It is apparent appellant made a conscious decision to tailor his clemency request towards reducing confinement. Accordingly, we find no prejudice from counsel's erroneous statement.

**CONCLUSION**

The court affirms only so much of the finding of guilty of Specification 5 of Charge I as finds appellant did, at or near Louisville, KY, on or about 14 August 2010, wrongfully engage in sexual contact, to wit: touching the breast of L.T. without L.T.'s permission. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the minor error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion, the court affirms the sentence. We have also considered the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and find them to be without merit.



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court